UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, *et al.*, <br>       *Plaintiffs*, <br> <br> *vs*. <br> <br> COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION, <br>       *Defendant*. | ) <br> ) <br> ) <br> )   1:08-cv-01317-RLY-JMS <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER

Presently before the Court is the Motion to Certify Class that Plaintiffs Joshua Harrison, James Panozzo, and Greggory Sims (the "Individual Plaintiffs") have filed. [Dkt. 85.][1] Defendant, the Commissioner of the Indiana Department of Correction (in his official capacity only) (the "Commissioner"), filed no response to the Motion to Certify Class. As a result of that failure to respond, that motion is, pursuant to Local Rule 7.1(b), subject to summary ruling, as the Individual Plaintiffs argue in their Motion for Summary Ruling to Grant Class Certification Motion, [dkt. 101].

The Individual Plaintiffs in this action are prisoners who claim that they are receiving inadequate mental health care while in segregation or isolation status and also claim that their segregation or isolation status exacerbates their mental disorders, all in violation of the Eighth Amendment, the Americans with Disabilities Act, 42 U.S.C § 12132, and the Rehabilitation Act,

---

[1] According to the docket, Mr. Sims spells his first name with three g's. Further, although not seeking to be a class representative, the Court notes that the Seventh Circuit has recently confirmed the ability of Plaintiff Indiana Protection and Advocacy Services to litigate in federal court without violating the Eleventh Amendment. *See Indiana Protection and Advocacy Services*, 2010 U.S. App. LEXIS 8380 (7th Cir. 2010) (en banc).

29 U.S.C. § 794. The Individual Plaintiffs seek to certify the following class for the purposes of this action:

> all current and future mentally ill prisoners who are committed to the Indiana Department of Correction and who are housed in settings in Department of Correction institutions or in the New Castle Correctional Facility that feature extended periods of time in cells, including, but not limited to, prisoners in disciplinary segregation, administrative segregation, or in the New Castle Psychiatric Unit.

[Dkt. 86 at 1.]

To qualify for class-action status, an action must meet the four prerequisites of Federal Rule of Civil Procedure 23(a), which are commonly called "numerosity, commonality, typicality, and adequacy." *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 166 (S.D. Ind. 2009). Additionally, it must satisfy one of three provisions of Federal Rule of Civil Procedure 23(b).

**A. Numerosity**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1). The Court finds this prerequisite satisfied here because the Individual Plaintiffs estimate, and the Commissioner hasn't disputed, that the proposed class encompasses "hundreds" of members, [dkt. 86 at 3], well above the forty typically necessary to establish numerosity, *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 644 (N.D. Ill. 2002) (collecting cases). Further, both the transient nature of the inmate population and the request for injunctive relief that will also inure to the benefit of future, currently unknowable, class members likewise support a finding that joinder is impracticable. *See Andre H. v. Ambach*, 104 F.R.D. 606, 611 (S.D.N.Y. 1985); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983).

### B. Commonality

Next, a class action must implicate "questions of law or fact common to the class." Fed. R. Civ. Pro. 23(a)(2). "A certifiable class claim must arise out of the same legal or remedial theory," *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980) (citation omitted), which in this Circuit is usually satisfied if the class members' claims share "[a] common nucleus of operative fact," that is, some "common question…at the heart of the case," *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Several such common questions exist here, including about the nature and extent of the mental health treatment that the Commissioner provides and the effects that isolation or segregation status have on mental disorders. Accordingly, the commonality prerequisite is satisfied.

### C. Typicality

For the third prerequisite to class certification, "claims…of the representative parties [must be] typical of the claims…of the class." Fed. R. Civ. Pro. 23(a)(3). A proposed class representative can satisfy this prerequisite if his or her "claim…arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quotation and citation omitted). Because the Individual Plaintiffs' claims arise from the same mental health treatment options, or lack thereof, as that of the proposed class and because all the claims are premised upon the same legal theories, the Court finds that the Individual Plaintiffs' claims are typical of those of the proposed class.

### D. Adequacy

To satisfy the fourth prerequisite for class-action status, the Court must find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4). This is a two-pronged inquiry, "one relates to the adequacy of the named plaintiffs' representation of the class and requires that there be no conflict between the interests of the representative and those of the class in general; the other relates to the adequacy of class counsel's representation." *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. at 168 (citation omitted). Because the Individual Plaintiffs seek the same injunctive and declaratory relief for themselves as they do for the proposed class, no conflict of interest exists. Further, based upon the Court's experience with the Individual Plaintiffs' counsel in this case, and in others, the Court is confident that counsel will zealously and effectively advocate for the class. Accordingly, the Court finds that the Individual Plaintiffs are adequate class representatives and that their counsel should be appointed to represent the class pursuant to Federal Rule of Civil Procedure 23(g).

### E. Federal Rule of Civil Procedure 23(b)

Where, as here, a proposed class satisfies all the prerequisites of Federal Rule of Civil Procedure 23(a), class certification is appropriate if the class qualifies as one of the types listed under subsection b. The Individual Plaintiffs argue, and the Court agrees, that the proposed class fits within subsection b(2), in that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. Pro. 23(b)(2). Because this action seeks injunctive relief to prevent future allegedly illegal deprivations of civil rights, it is a "prime example[]" of a proper class under Rule 23(b)(2). *Amchem Prods. v.*

*Windsor*, 521 U.S. 591, 614 (1997) (citation omitted); *see also Doe v. Guardian Life Ins. Co.*, 145 F.R.D. 466, 477 (N.D. Ill. 1992) ("[T]he primary limitation on the use of Rule 23(b)(2) is the requirement that injunctive or declaratory relief be the predominant remedy requested for the class members.").

## CONCLUSION

The Motion for Summary Ruling to Grant Class Certification Motion, [dkt. 101], is **GRANTED**.

The Court finds that this action qualifies for class-action treatment because all the prerequisites of Federal Rule of Civil Procedure 23(a) and the requirements of 23(b)(2) are satisfied. The Motion to Certify Class, [dkt. 85], is thus **GRANTED**.

The Court now **CERTIFIES** the following class:

> all current and future mentally ill prisoners who are committed to the Indiana Department of Correction and who are housed in settings in Department of Correction institutions or in the New Castle Correctional Facility that feature extended periods of time in cells, including, but not limited to, prisoners in disciplinary segregation, administrative segregation, or in the New Castle Psychiatric Unit.

Plaintiffs Joshua Harrison, James Panozzo, and Greggory Sims are appointed as representative plaintiffs of the class so certified. Their current counsel are appointed as counsel for the class.

The parties shall meet and confer about whether notice should issue to the proposed class and, if so, about the method that the notice should take. *See* Fed. R. Civ. Pro. 23(c)(2)(A). Within **fourteen days**, the parties shall submit a joint report (and, if necessary, competing proposals) regarding the results of their meet-and-confer.

04/27/2010

*[signature: Jane Magnus-Stinson]*

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Karen T. Davis
INDIANA PROTECTION AND ADVOCACY SERVICES
ktdavis@ipas.in.gov

Debra Jean Dial
INDIANA PROTECTION AND ADVOCACY SERVICES
djdial@ipas.IN.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Gary W. Ricks
INDIANA PROTECTION AND ADVOCACY SERVICES
gricks@ipas.IN.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

David R. Smith
INDIANA PROTECTION & ADVOCACY SVCS
drsmith@ipas.in.gov