UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

INDIANA PROTECTION AND )
ADVOCACY SERVICES COMMISSION, et al., )
)
          Plaintiffs, )
  v. ) No. 1:08-cv-1317-TWP-MJD
)
COMMISSIONER, INDIANA DEPARTMENT )
OF CORRECTION, )
)
          Defendant. )

# E N T R Y

"The purpose of the [expert witness] report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010). "The consequence of non-compliance with Rule 26(a)(2)(B) is exclusion of an expert's testimony . . . unless the failure was substantially justified or is harmless." *Id.* (internal quotations omitted).

Having considered the defendant's motion to exclude testimony of Dr. Kathryn Burns, the response to such motion, and the defendant's reply, the court **grants** such motion (Dkt. No. 182) as specified below:

1.     Dr. Burns has been identified by plaintiffs as an expert witness. Dr. Burns' deposition was taken on May 9, 2010. Neither during the course of the deposition or prior thereto have the bases for Dr. Burns' expert opinion been sufficiently and properly disclosed.

2. An expert report is required to include the facts or data considered by an expert in forming her opinions so that opposing counsel has notice before a deposition as to what the witness will testify. The goal in this regard is "to shorten or decrease the need for expert depositions." *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)(internal quotation omitted). "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

3. The testimony of Dr. Burns, on the basis of the present record and insofar as it would extend to her expert opinion concerning the adequacy of mental health treatment provided to inmates by the Indiana Department of Correction, is **excluded,** subject to the following circumstances under which such testimony will be permitted:

a. The plaintiffs make a full disclosure of the basis for Dr. Burns' opinion in the fashion prescribed by Rule 26(a)(2)(B) of the *Federal Rules of Civil Procedure.*

b. The foregoing supplemental disclosure is made **not later than July 6, 2011**.

c. Dr. Burns shall be made available for further deposition to be taken by the defendant at the plaintiffs' expense **not later than July 13, 2011**.

**IT IS SO ORDERED.**

Date: 06/28/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Karen T. Davis
INDIANA PROTECTION AND ADVOCACY SERVICES
ktdavis@ipas.in.gov

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

Jan P. Mensz
ACLU OF INDIANA
jmensz@aclu-in.org

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

David Ross Smith
INDIANA PROTECTION & ADVOCACY SVCS
drsmith@ipas.in.gov