UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-01317-TWP-MJD |
| COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION, | ) ) ) | |
| Defendant. | ) ) | |

ENTRY CONCERNING SELECTED MATTERS

I.

As a result of the hearing conducted on March 18, 2016 and the parties' filings associated with the resolution of this action through the submission and aproval of a Private Settlement Agreement, the parties' *Stipulation* [dkt 496] is **approved.** The Court's findings, also issued this date, show that the proposed Private Settlement Agreement is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2) (2012). Judicial policy favors voluntary settlement of class-action cases. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977). That policy is fully served by approval of the proposed Private Settlement Agreement. Objections to the proposed Private Settlement Agreement are **overruled.**

II.

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626, there are two types of settlement agreements: consent decrees, which must conform to the PLRA's requirements; and private settlement agreements, which do not have to abide by the PLRA. The relief available for a violation of a settlement agreement depends on which type of settlement was agreed upon. *Ghana v. New*

*Jersey State Parole Bd.*, 2011 WL 3608633, at *3 (D.N.J. Aug. 15, 2011). 18 U.S.C. § 3626(c)(2) specifically address "private settlement agreements" and provides that the statute does not preclude private agreements that do not meet PLRA's strict requirements for granting injunctive relief, "if the terms of that agreement are not subject to court enforcement . . . ." *Fussell v. Wilkinson*, 2012 WL 4506231, at *3 (S.D.Ohio Oct. 2, 2012). Section 3626(c)(2)(A) provides that parties may enter into a "private settlement agreement" that does not comply with the limitations on prospective relief stated in § 3626(a), so long as the terms of such agreement are not subject to court enforcement, other than reinstatement of the civil proceeding. Section 3626(c)(2)(B) further provides that a party claiming a breach of a private settlement agreement is not precluded from seeking any remedy available under state law in state court. *Gaddis v. Campbell*, 301 F. Supp. 2d 1310, 1313-14 (M.D.Ala. 2004).

The Private Settlement Agreement reached by the parties in this case reflects the parties' awareness of the distinctions noted above and their deliberate, reasoned choice to forego the consent decree option—and with it the detailed findings which the parties suggest may not be supported by the present circumstances affecting the plaintiff class. In consequence, the agreement they have reached is not subject to court enforcement, other than reinstatement of the civil proceeding and an action for breach of contract under state law. The Private Settlement Agreement reached by the parties in this action is, moreover, comprehensive. It is fully dispositive of the claims of the plaintiff class and all ancillary issues. Additionally, it is of significant, but limited, duration. It provides that it will expire three (3) years after approved as the fulcrum for the resolution of this case.

Rule 41(a)(2) provides that, except in circumstances not applicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Fed.R.Civ.P. 41(a)(2). In *Kokkonen v. Guardian Life Ins. Co. of America,* the Supreme Court explained: "If the parties [to a case] wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." 511 U.S. 375, 381 (1994) (emphasis removed). Under *Kokkonen,* a court may retain enforcement jurisdiction over a matter if the settlement agreement is made part of the order of dismissal either by a separate provision "retaining jurisdiction" or by incorporating the terms of the agreement into the order itself. *Id.; see also Anago Franchising, Inc. v. Shaz, LLC,* 667 F.3d 1272, 1278–79 (11th Cir. 2012). "When dismissal is pursuant to Federal Rule of Civil Procedure 42(a)(2) . . . the parties' compliance with the terms of the settlement contract . . . may, in the court's discretion, be one of the terms set forth in the order." *Kokkonen,* 511 U.S. at 381.

Under the circumstances which have just been reviewed, the entry of final judgment is appropriate. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000). The issuance of final judgment will permit the Court to better administer its docket and will properly reflect the fact that at this time all claims against all parties have been resolved. *Chase Manhattan Mortgage Corp. v. Moore,* 446 F.3d 725 (7th Cir. 2006)("The test of finality is whether the district judge has finished with the case."). The judgment will approve the Private Settlement Agreement without making its term enforceable. *United States v. Alabama*, No. 2:15CV368-MHT, 2015 WL 3796526, at *4 (M.D.Ala. June 18, 2015). None of the steps contemplated by the parties will be impeded by the form of dismissal the Court finds appropriate. By approving the Private Settlement Agreement, moreover, the judgment will also provide for the dismissal of the action without prejudice after a period of three years.

**III.**

Judgment consistent with the foregoing, with the Private Settlement Agreement and with all other pertinent findings shall now issue.

IT IS SO ORDERED.


Date: 3/24/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Electronically Registered Counsel