UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, JOSHUA HARRISON, GREGGORY SIMS, and JAMES PANOZZO, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:08-cv-01317 TWP-MJD |
| | ) |
| COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER FINDING PRIVATE SETTLEMENT AGREEMENT TO BE FAIR, REASONABLE AND ADEQUATE PURSUANT TO RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FINAL JUDGMENT DISMISSING ACTION PURSUANT TO RULE 41(a)(2) INCORPORATING PRIVATE SETTLEMENT AGREEMENT**

This matter comes before the Court after the filing of the Stipulation to Enter Into Private Settlement Agreement Following Notice to the Class and Fairness Hearing.  (Filing No. 496.) On March 18, 2016, this Court held a fairness hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the proposed settlement is a fair, reasonable, and adequate resolution of this matter.  The parties appeared by counsel at the hearing.  The parties addressed the Court concerning the history of the litigation and the process and content of the proposed settlement.

Having considered the Private Settlement Agreement and the reports of class counsel (Filing Nos. 502 and 505), as well as the presentations of counsel at the fairness hearing and the record in this matter, the Court finds as follows:

1.      This action was filed on October 1, 2008, and alleged that the confinement of seriously mentally ill prisoners in segregation or segregation-like conditions violated, among other

things, the Eighth Amendment to the United States Constitution.

2.      On April 7, 2010, this Court certified this case as a class action with the class

represented by the three prisoner named plaintiffs and defined as:

> all current and future mentally ill prisoners who are committed to the Indiana
> Department of  Correction and who are housed in settings in Department of
> Correction institutions or in the New Castle Correctional Facility that feature
> extended periods of time in cells, including, but not limited to, prisoners in
> disciplinary segregation, administrative segregation, or in the New Castle
> Psychiatric Unit.

(Filing No. 109).

3.      On December 31, 2012, after a bench trial on the question of liability, this Court

issued its Entry (Filing No. 279) concluding that "Plaintiffs have prevailed as to their Eighth

Amendment claim," although the Court did not issue final judgment because the appropriate relief

had not been determined.

4.      No final judgment has been entered in this case since that time.

5.      The Private Settlement Agreement is designed to settle all pending matters in this

litigation.

6.      This Court has jurisdiction over the subject matter of this action and over all the

parties, including the members of the certified class.

7.      The class has been given proper and adequate notice of the proposed resolution of

this case through the Private Settlement Agreement.  This notice was given as required by the

Court's Order of January 28, 2016.  (Filing No. 498.)  The notice invited class members to notify

class counsel as to any objections to, or comments on, the proposed Private Settlement Agreement.

The notice provided valid, due, and sufficient notification of these proceedings and the proposed

settlement and included information regarding the procedures for making comments to the Private

Settlement Agreement.

8.      The notice to the class fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9.      The Court has reviewed the comments made.

10.     Following the standards established by *Synfuel Technologies, Inv. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), the Court finds that the Private Settlement Agreement, and the ultimate dismissal of this action as contemplated by the Private Settlement Agreement, to be fair, reasonable, and adequate for the following reasons:

      a.      The purpose of this litigation was to prevent the practice of placing seriously mentally ill prisoners into segregation or segregation-like environments and to ensure that these prisoners' mental health needs are adequately addressed.  The Private Settlement Agreement provides generally that all seriously mentally ill prisoners who desire to be removed from segregation or segregation-like environments will no longer be housed there for longer than 30 days and will be provided adequate mental health treatment.  The proposed Private Settlement Agreement provides for the mental health care of all members of the class.  Thus, it appears to the Court that the proposed Private Settlement Agreement largely accomplishes the litigation goals of the plaintiffs.  Given the current status of the case, the Court finds that the comparison of the strength of this case with the settlement presented favors recognizing that the proposed settlement is fair, reasonable, and adequate.

      b.      The complexity, length, and expense of continued litigation weigh in favor of finding that the Private Settlement Agreement is fair, reasonable, and adequate.  Given the significant changes made by the Indiana Department of Correction since the 2011 trial in this case, continued litigation would require a new and lengthy evidentiary hearing and extensive trial preparation, including further discovery, and it is unclear to the Court that a

better result than that presented in the Private Settlement Agreement could be attained by plaintiffs even if they were to be successful at an evidentiary hearing.  Paragraphs 67-68 of the Private Settlement Agreement allow plaintiffs to reinstate this action if the Private Settlement Agreement is not, in plaintiffs' estimation, successful in remedying the alleged problems that gave rise to this litigation.  This additional safeguard further demonstrates, in the Court's opinion, that the Private Settlement Agreement is fair, reasonable, and adequate.

c.      As indicated, the Court has reviewed the reports filed by plaintiffs' counsel concerning the comments of prisoners who have responded to the notice of the proposed settlement and has reviewed the comments that have been filed.  The Court has no opinion concerning the factual or legal merit of the comments.  However, the Court notes that few prisoners actually object to the settlement itself and that by far the largest percentage of relevant comments are from prisoners who believe that they should be in one of the treatment units that have been established.  The Court is confident that plaintiffs' counsel will continue to monitor this and will continue to bring to the attention of defendant's counsel the cases of prisoners who believe they should not be in restrictive housing because they believe themselves to be seriously mentally ill.  In turn, the defendant's counsel will supply or provide access to pertinent information to address these concerns.  In short, the Court does not find the level of opposition to the Private Settlement Agreement to be sufficient for the Court to question that it is a fair, reasonable, and adequate resolution of this matter.

d.      There is no evidence of any collusion between the parties entering into the Private Settlement Agreement.   The Court is satisfied that the Private Settlement

4

Agreement is the result of arms-length negotiations.

        e.     The class is represented by counsel who are experienced in class action litigation of this type.

        f.     The stage of the proceedings and amount of discovery weigh in favor of finding that the Private Settlement Agreement is fair, reasonable, and adequate. The settlement was arrived at only after lengthy discovery, a trial, and lengthy negotiations.

For the foregoing reasons, the Court finds that the Private Settlement Agreement is a fair, reasonable, and adequate resolution of this matter. The Court has also found that it is appropriate at this time that the approval of the Private Settlement Agreement be issued in the form of Final Judgment.

**IT IS THEREFORE ORDERED** that the Private Settlement Agreement will remain actively in effect for three (3) years from the date of this Order. At that time, absent written agreement as noted in paragraph 71 of the Private Settlement Agreement, this case will automatically be dismissed without prejudice.

**AND IT IS FURTHER ORDERED** that, inasmuch as all claims have been resolved against all parties, this Entry shall constitute the Final Judgment in this action and through its issuance the action shall be dismissed without prejudice, subject to all the provisions of the Private Settlement Agreement, which is approved and incorporated herein.

        **SO ORDERED**.

Date:    03/24/2016                  

                             TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Thomas D. Quigley
INDIANA OFFICE OF THE ATTORNEY GENERAL
tquigley@idoc.in.gov

Thomas E. Crishon
INDIANA PROTECTION & ADVOCACY SERVICES
tcrishon@ipas.in.gov

David Ross Smith
INDIANA PROTECTION & ADVOCACY SVCS
drsmith@ipas.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
david.arthur@atg.in.gov